FILED

MAY 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE GARCIA RODRIGUEZ,

        Plaintiff - Appellant,

  v.

K. PEARSON, Lieutenant; et al.,

        Defendants - Appellees.

No. 11-16306

D.C. No. 1:09-cv-01746-SKO

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding[**]

Submitted May 15, 2012[***]

Before:    CANBY, GRABER, and M. SMITH, Circuit Judges.

    Jose Garcia Rodriguez, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    Rodriguez consented to proceed before a magistrate judge.  *See* 28
U.S.C. § 636(c).

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

process claims arising from his placement and continuing confinement in disciplinary segregation and the security housing unit ("SHU"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Rodriguez's due process claims because Rodriguez failed to allege facts showing how placement in disciplinary segregation or the SHU imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (disciplinary confinement does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"); *see also May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) ("[A]dministrative segregation falls within the terms of confinement ordinarily contemplated by a sentence."); *Anderson v. County of Kern*, 45 F.3d 1310, 1315 (9th Cir. 1995) ("no liberty interest in remaining in the general population" of prison). Moreover, even if we were to assume that the length of time Rodriguez was placed in SHU implicated a liberty interest, the allegations in and attachments to the complaint indicate that Rodriguez received all the process he was due. *See Wilkinson v. Austin*, 545 U.S. 209, 228-29 (2005) (notice and opportunity to be heard, involving informal, nonadversarial procedures were adequate safeguards for

placement in maximum custody).

The district court did not abuse its discretion in dismissing the amended complaint with prejudice, after having granted Rodriguez leave to amend once and instructing him on the deficiencies in the complaint. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (noting that the district court's discretion is particularly broad when it has already granted leave to amend).

Rodriguez's remaining contentions are unpersuasive.

**AFFIRMED.**